UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

NOV - 4 2014

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) No. | **4:14CR00350 CEJ** |
| JOHN J. YORK, | ) | |
| Defendant. | ) | |

## INFORMATION

### COUNT ONE

The United States Attorney charges that:

1. From on or about January 1, 2008, and continuing up to and including October 31, 2008, in the Eastern District of Missouri and elsewhere,

**JOHN J. YORK**,

the defendant, did unlawfully, willfully and knowingly conspire, combine, confederate and agree with other individuals to:

a) defraud the United States for the purpose of impeding, impairing, obstructing and defeating the lawful functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment and collection of the revenue--- to wit, the federal employment taxes of The Mortgage Store, Inc.;

b) defraud the United States by falsifying the net worth of The Mortgage Store, Inc., in submissions to the Department of Housing and Urban Development (HUD) in violation of Title 18, United States Code, Section 1001; and

c) unlawfully convert money, funds and assets of the 401k retirement plan and the health care benefit program in place for the employees of The Mortgage Store, Inc., in violation of Title 18, United States Code, Section 664.

**Means and Methods**

The means and methods by which the objects of the conspiracy were sought to be accomplished included, among others, the following:

2. The Mortgage Store, Inc., (TMS) was a Missouri corporation engaged in the business of brokering mortgages. Title America, Inc., was a related business which did closings on mortgages issued by TMS. John J. York, the defendant, had a twenty-five percent ownership interest in both TMS and Title America. TMS and Title America operated at a financial deficit in 2008. TMS incurred substantial federal employment (including withholding) tax liabilities in the first three quarters of 2008 that were not paid over to the United States. There were not sufficient funds available to fund the disbursements from TMS and, in addition, to meet all of the expenses incurred by TMS, including the delinquent employment tax liabilities.

3. In order to maintain its status as a loan correspondent for loans guaranteed by the Federal Housing Administration, TMS was required to maintain certain net worth balances that would be audited by a HUD- authorized private firm and submitted to HUD by TMS. In June, 2008, the defendant and others caused false information concerning the net worth of TMS to be provided to the auditor and caused the auditor's determination of adequate net worth to be submitted to HUD. The defendant and others signed a short-term loan agreement in which the lender committed $200,000.00 to be maintained in an account in the TMS name but which could be accessed by TMS only with the approval of the lender. This agreement did not provide

TMS, the defendant and others with other access to the $200,000.00. As a result, these funds did not qualify as an allowable asset or capital of TMS. The auditor was unaware of this arrangement when it provided TMS with the verification of its net worth. The defendant and others knew this verification would be submitted to HUD and it was so submitted by TMS.

4. In June and July, 2008, TMS incurred liabilities for a Section 401k retirement plan in effect for its employees as well as liabilities for the health and dental insurance plans offered to its employees. The amounts withheld from the employees' pay checks for that time frame were not paid over as required by law.

5. The defendant and others received direct and indirect distributions from TMS and Title America in 2008 despite the federal employment tax delinquencies and other unpaid liabilities. The defendant and others caused TMS payments to be made in 2008 on loans for properties at Tan Tar A resorts in the Lake of the Ozarks and for a ranch property in Breckenridge, Colorado. The defendant and others owned these properties.

**Overt Acts**

In furtherance of the conspiracy and to effect the objects thereof, the defendant and others performed the following overt act:

1. On or about July 18, 2008, the defendant caused payments in the amount of $5,000.00 each to be made to him and another officer from the Title America checking account at Enterprise Bank.

In violation of Title 18, United States Code, Section 371.

                Respectfully submitted,

                RICHARD G. CALLAHAN
                United States Attorney

                _____
                JAMES E. CROWE, JR., #23196MO
                Assistant United States Attorney
                111 South 10th Street, Room 20.333
                St. Louis, Missouri   63102
                (314) 539-2200

UNITED STATES OF AMERICA )
EASTERN DIVISION )
EASTERN DISTRICT OF MISSOURI )

I, James E. Crowe, Jr., Assistant United States Attorney for the Eastern District of Missouri, being duly sworn, do say that the foregoing information is true as I verily believe.

_____
JAMES E. CROWE, JR.

Subscribed and sworn to before me this 19 day of September, 2014.

_____
CLERK, U.S. DISTRICT COURT

By: _____
DEPUTY CLERK